SABIR: AL-MANSUR,
2421 Market Street
Oakland, California 94607
Telephone: (510) 593-9093
Sabir5939093@gmail.com

*In Pro Se*

**FILED**

**OCT 28 2024**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SABIR AL-MANSUR,**<br>PLAINTIFF<br><br>vs.<br><br>**COUNTY OF ALAMEDA**, as a political subdivision of the State of California, organized under California law;<br>**HENRY C. LEVY**, in his official capacity as Alameda County Treasurer-Tax Collector, and in his personal capacity for intentional malice.<br>**THEODY VIRREY**, in his official capacity as Alameda County Tax Collector Spec.-Tax Defaulted Land, and in his personal capacity for intentional malice.<br>**SHAHIDAH WILLIAMS**, in her official capacity as Alameda County Policy Director, 5th District, Board of Supervisors, and in her personal capacity for intentional malice. | **CASE No. 24-CV-06909 - AMO**<br><br>**PLAINTIFF'S REQUEST FOR EXPEDITED HEARING ON MOTION TO DISQUALIFY**<br><br>**Judge: Hon. Araceli Martinez-Olguin**<br>**Date: December 12th, 2024**<br>**Time: 2PM**<br>**Courtroom: 10**<br>**Trial Date: TBA**<br>**Action Filed: October 2nd, 2024** |

**PLAINTIFFS REQUEST FOR EXPEDITED HEARING ON
MOTION TO DISQUALIFY**

**TO THE DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**I. INTRODUCTION**

Plaintiff Sabir Al-Mansur ("Plaintiff") respectfully requests an expedited hearing on his Motion to Disqualify Defendants' counsel, due to an urgent need

for this issue to be resolved prior to the Preliminary Injunction hearing scheduled for **November 26, 2024.** Plaintiff has reserved a date of **December 12th, 2024,** to hear Plaintiffs Motion to Disqualify Counsel. Plaintiff's Motion to Disqualify addresses a conflict of interest between the Defendants that impacts the validity and fairness of Defendants' representation in this case. The unresolved conflict jeopardizes the integrity of the Preliminary Injunction proceedings, making it essential for the Court to address this matter promptly.

## II. LEGAL STANDARD FOR EXPEDITED HEARING

The Court has discretion to grant an expedited hearing upon a showing of "good cause" when immediate resolution of a motion is necessary to prevent prejudice or protect the integrity of the judicial process. Courts generally consider the urgency of the relief sought, the potential impact on upcoming proceedings, and whether delaying the resolution of the issue would harm the moving party or compromise the fairness of the case.

## III. ARGUMENT

### A. Good Cause Exists to Address the Motion to Disqualify Before the Preliminary Injunction Hearing

#### 1. Conflict of Interest Jeopardizes the Fairness and Integrity of the Preliminary Injunction Hearing

Plaintiff's Motion to Disqualify is based on a significant conflict of interest between the Defendants, who are represented by the same counsel despite potential divergent interests in this matter. Specifically, the County of Alameda, along with individual officials named as Defendants, face differing responsibilities and potential liabilities regarding the tax lien issues underlying

Plaintiff's claims. This conflict directly affects the ability of counsel to provide impartial and unbiased representation for all Defendants, potentially compromising the fairness of the Preliminary Injunction hearing.

If the Motion to Disqualify is not addressed prior to the Preliminary Injunction hearing, there is a substantial risk that conflicted counsel may influence the court's assessment of the issues, particularly regarding relief that could impact individual Defendants differently. This unresolved conflict undermines the ability of the Court to rely on an undivided and unbiased defense argument at the Preliminary Injunction stage.

**2. Delay in Resolving the Motion to Disqualify Will Prejudice Plaintiff's Request for Injunctive Relief**

Plaintiff seeks injunctive relief against Defendants' actions concerning property tax liens, which have caused ongoing harm. Allowing counsel with a conflict of interest to participate in the Preliminary Injunction hearing could result in a defense strategy that misrepresents or inadequately addresses the distinct interests of each Defendant. This would prejudice Plaintiff's ability to secure appropriate injunctive relief, as the Court would be relying on potentially compromised advocacy by conflicted counsel. Resolving the Motion to Disqualify before the Preliminary Injunction hearing ensures that any defense arguments are presented by counsel free from conflicting duties to multiple parties with potentially adversarial interests.

**3. An Expedited Hearing Preserves Judicial Economy and Prevents Subsequent Delays**

If the Court does not resolve the Motion to Disqualify before the Preliminary Injunction hearing, there is a high likelihood that additional motions or requests for relief will be filed following the hearing to address lingering conflict issues. This scenario would result in piecemeal litigation and a potential need to revisit the Preliminary Injunction ruling if the disqualification motion is ultimately granted. Addressing the disqualification issue beforehand promotes judicial economy, preventing unnecessary delays and ensuring that all arguments presented at the Preliminary Injunction hearing reflect unconflicted legal representation.

**B. Courts Regularly Address Disqualification Issues on an Expedited Basis to Prevent Prejudice**

Courts have consistently recognized that attorney disqualification issues should be resolved expediently when a conflict-of-interest risks compromising the integrity of legal proceedings. In *Western Sugar Cooperative v. Archer-Daniels-Midland Co.*, No. CV 11-3473 CBM (MANx), 2015 WL 12683192 (C.D. Cal. Jan. 7, 2015), the court expedited consideration of a motion to disqualify due to the potential impact of conflicted counsel on case proceedings. Similarly, in *Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1161 (N.D. Cal. 2006), the court emphasized that resolving conflicts early prevents the risk of later disruptions in trial or other significant proceedings.

Here, as in those cases, a prompt resolution of the disqualification issue is necessary to prevent prejudice and to allow the upcoming Preliminary Injunction hearing to proceed on a fair, unbiased basis.

**IV. CONCLUSION**

CASE No. 24-CV-06909 - AMO
REQUEST FOR EXPEDITED HEARING ON
MOTION TO DISQUALIFY

**4 of 5**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant an expedited hearing on Plaintiff's Motion to Disqualify, to ensure that the Preliminary Injunction hearing on **November 26, 2024,** proceeds with conflict-free and impartial representation for each Defendant.

Dated: October 28th, 2024

Respectfully submitted,

**Sabir Al-Mansur, In Pro Se**