```
SABIR: AL-MANSUR,
2421 Market Street
Oakland, California 94607
Telephone: (510) 593-9093
Sabir5939093@gmail.com

In Pro Se
```

FILED
OCT 28 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SABIR AL-MANSUR,**<br>PLAINTIFF<br><br>vs.<br><br>**COUNTY OF ALAMEDA**, as a political subdivision of the State of California, organized under California law;<br>**HENRY C. LEVY**, in his official capacity as Alameda County Treasurer-Tax Collector, and in his personal capacity for intentional malice.<br>**THEODY VIRREY**, in his official capacity as Alameda County Tax Collector Spec.-Tax Defaulted Land, and in his personal capacity for intentional malice.<br>**SHAHIDAH WILLIAMS**, in her official capacity as Alameda County Policy Director, 5th District, Board of Supervisors, and in her personal capacity for intentional malice. | CASE No. 24-CV-06909 - AMO<br><br>**PLAINTIFFS' NOTICE AND MOTION TO DISQUALIFY COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES [CIVIL L.R. 7-2, 7-4(A), 7-5]; PLAINTIFFS DECLARATION IN SUPPORT [Fed. R. Civ. P. 56(e)]; PROPOSED [ORDER] RE: MOTION TO DISQUALIFY**<br><br>Judge: Hon. Araceli Martinez-Olguin<br>Date: December 12th, 2024<br>Time: 2PM<br>Courtroom: 10<br>Trial Date: TBA<br>Action Filed: October 2nd, 2024<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' NOTICE OF MOTION TO DISQUALIFY COUNSEL**

TO THE DEFENDANTS AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on **December 12th, 2024 at 2:00 PM**, or as soon as the matter may be heard, in **Courtroom 10** of the above-entitled Court,

located at **450 Golden Gate Avenue, San Francisco, California**, before the **Honorable Araceli Martinez-Olguin**, Plaintiff, Sabir Al-Mansur respectfully moves this Court to disqualify Alameda County Counsel from representing individual defendants Henry C. Levy, Theody Virrey, and Shahidah J. Williams (Lacy) in their personal capacities due to an inherent conflict of interest.

Dated: October 28th, 2024

Respectfully submitted,

_____

Sabir Al-Mansur, In Pro Se

SABIR: AL-MANSUR,
2421 Market Street
Oakland, California 94607
Telephone: (510) 593-9093
Sabir5939093@gmail.com

*In Pro Se*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SABIR AL-MANSUR,**<br>PLAINTIFF<br><br>vs.<br><br>**COUNTY OF ALAMEDA**, as a political subdivision of the State of California, organized under California law;<br>**HENRY C. LEVY**, in his official capacity as Alameda County Treasurer-Tax Collector, and in his personal capacity for intentional malice.<br>**THEODY VIRREY**, in his official capacity as Alameda County Tax Collector Spec.-Tax Defaulted Land, and in his personal capacity for intentional malice.<br>**SHAHIDAH WILLIAMS**, in her official capacity as Alameda County Policy Director, 5th District, Board of Supervisors, and in her personal capacity for intentional malice. | CASE No. 24-CV-06909 - AMO<br><br>**DECLARATION OF SABIR AL-MANSUR IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL**<br><br>**Judge: Hon. Araceli Martinez-Olguin**<br>**Date: December 12th, 2024**<br>**Time: 2PM**<br>**Courtroom: 10**<br>**Trial Date: TBA**<br>**Action Filed: October 2nd, 2024**<br><br>**JURY TRIAL DEMANDED** |

## DECLARATION OF SABIR AL-MANSUR

I, Sabir Al-Mansur, declare as follows:

1. **Background and Purpose of Declaration**

    I am the Plaintiff in the above-captioned action. I submit this declaration in

    support of my Motion to Disqualify Counsel for Conflict of Interest. I make this

declaration based on personal knowledge and information received in the course of this case, and if called as a witness, I could and would testify competently to the matters set forth herein.

2. **Defendants' Representation and the Potential Conflict of Interest**

The Defendants in this case include the County of Alameda and multiple individual Defendants, including Henry C. Levy, Julie P. Manaois, and Theody Virrey, among others, who hold or have held various official positions within the County. Counsel for the Defendants represents all parties collectively, despite potential conflicts arising from each Defendant's distinct roles, responsibilities, and personal interests. This representation includes individuals like Julie P. Manaois, whom Defendants' counsel has informed me has been retired for three to four years. I seek to dismiss Ms. Manaois due to her lack of current involvement, which further emphasizes the conflict and redundancy in her inclusion within Defendants' representation.

3. **Basis for Conflict of Interest**

I believe that a significant conflict of interest exists between the County of Alameda as an entity and the individual Defendants, each of whom may have distinct defenses or interests in this case, especially regarding liability for alleged procedural violations and tax lien practices under California's Revenue and Taxation Code. As an example:

- The County of Alameda, as a governing entity, may have differing priorities, interests, or defenses compared to its individual employees.

- Individual Defendants, such as Henry C. Levy and Theody Virrey, could face personal exposure or differing responsibilities concerning the conduct at issue.

- The representation of retired individuals, like Ms. Manaois, further complicates this dynamic, as she has not been directly involved in the official conduct alleged in the Complaint.

4. **Defendants' Counsel's Involvement Without Registration**

Prior to formal entry into this case, Defendants' counsel engaged in substantive communications regarding case strategy, as demonstrated in an email dated October 24, 2024. This communication addressed procedural matters related to tax liens and expressed opinions on bankruptcy-related issues, despite counsel's failure to file a Notice of Appearance at that time. This conduct not only breached procedural rules but exacerbated the existing conflict of interest by making substantive decisions impacting all Defendants without official representation.

5. **Potential Prejudice Arising from the Conflict of Interest**

I believe the conflict of interest among Defendants and their counsel's failure to clarify separate interests jeopardizes the fairness of these proceedings. I am seeking a Preliminary Injunction against specific procedural actions by Defendants related to tax liens on my property, and allowing conflicted counsel to represent all Defendants equally risks unfairly prejudicing the case. Each Defendant's unique position or defense could be overshadowed by the County's broader interests, resulting in inadequate representation for individual

Defendants and compromising the integrity of the Preliminary Injunction hearing scheduled for **November 26, 2024**.

6. **Urgent Need to Resolve the Conflict of Interest Before the Preliminary Injunction Hearing**

It is essential that the Court address this conflict prior to the Preliminary Injunction hearing, as each Defendant's position regarding the tax lien practices at issue may differ significantly. The presence of conflicted counsel representing all Defendants without individualized defenses or considerations risks distorting the representation and arguments presented at the hearing. I believe that resolving this conflict will ensure that the court proceedings reflect a fair, unbiased, and accurately represented defense for each party involved.

7. **CONCLUSION**

For the reasons stated above, I respectfully request that the Court grant my Motion to Disqualify Defendants' Counsel based on the demonstrated conflict of interest, as allowing conflicted representation to proceed will compromise the fairness and integrity of these proceedings.

1. be warranted, but the continued imposition of unlawful penalties and fees could result in the auctioning of my property, causing irreparable harm.

2. **Public Interest** The public interest favors granting this injunction. Upholding constitutional rights and ensuring that tax enforcement practices adhere to both statutory and constitutional safeguards is in the public interest. ***Bueneman v. City of Santa Barbara*, 8 Cal.2d 405 (1937)** affirmed that individuals have the

right to enjoin the execution of unconstitutional statutes, and courts have consistently upheld this principle.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 3rd, 2024, in Oakland, California.

_____

Sabir Al-Mansur

1  
2  SABIR: AL-MANSUR,  
3  2421 Market Street  
   Oakland, California 94607  
   Telephone: (510) 593-9093  
4  Sabir5939093@gmail.com  

5  *In Pro Se*

6  
7  UNITED STATES DISTRICT COURT  
   NORTHERN DISTRICT OF CALIFORNIA  

8  

9  **SABIR AL-MANSUR,**  ) CASE No. 24-CV-06909 - AMO  
10 PLAINTIFF )  
11 vs. )  
12  
13 **COUNTY OF ALAMEDA**, as a political ) MEMORANDUM OF POINTS AND  
   subdivision of the State of California, ) AUTHORITIES [CIVIL L.R. 7-2, 7-4(A),  
   organized under California law; ) 7-5] AND PLAINTIFFS DECLARATION  
14 **HENRY C. LEVY**, in his official capacity as ) IN SUPPORT [Fed. R. Civ. P. 56(e)] OF  
15 Alameda County Treasurer-Tax Collector, and ) MOTION TO DISQUALIFY COUNSEL  
   in his personal capacity for intentional malice. )  
16 **THEODY VIRREY**, in his official capacity )  
17 as Alameda County Tax Collector Spec.-Tax ) Judge: Hon. Araceli Martinez-Olguin  
   Defaulted Land, and in his personal capacity ) Date: December 12th, 2024  
18 for intentional malice. ) Time: 2PM  
   **SHAHIDAH WILLIAMS**, in her official ) Courtroom: 10  
19 capacity as Alameda County Policy Director, ) Trial Date: TBA  
   5th District, Board of Supervisors, and in her ) Action Filed: October 2nd, 2024  
20 personal capacity for intentional malice. )  
21  )  
22  ) **JURY TRIAL DEMANDED**  
   )  
23 _____  

24  
25 **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  
   MOTION FOR PRELIMINARY INJUNCTION**

26  
27  
28  
CASE No. 24-CV-06909 - AMO  
MEMORANDUM OF POINTS AND AUTHORITIES  

IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL  

1 of 5

## I. INTRODUCTION

Plaintiff has brought a lawsuit against the County of Alameda and several individual defendants, including Henry C. Levy, Theody Virrey, and Shahidah J. Williams (Lacy), in both their official and personal capacities. The lawsuit alleges violations of constitutional rights under 42 U.S.C. § 1983, including fraud, intentional malice, and financial elder abuse.

The Attorney of Record, Peter Van Zandt, represents both the County of Alameda and the individual defendants in this matter. However, given the serious allegations against the individual defendants in their personal capacities, this dual representation poses an irreconcilable conflict of interest. Attorney of Record, Peter Van Zandt is bound to defend the County of Alameda's corporate interests, which may diverge from or conflict with the personal interests of the individual defendants. The Plaintiff therefore seeks disqualification of Attorney of Record, Peter Van Zandt from representing the individual defendants in their personal capacities and requires that the individual defendants retain private counsel.

## II. LEGAL STANDARD

The California Rules of Professional Conduct under Rule 1.7, prohibit an attorney from representing multiple clients with conflicting interests unless all affected clients provide informed written consent. The Ninth Circuit has held that attorneys may not represent clients whose legal interests diverge significantly, especially where there is a conflict of interest in how defenses are pursued.

CASE No. 24-CV-06909 - AMO
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL

2 of 5

Under California Government Code Section 27642, the Attorney of Record, Peter Van Zandt is empowered to represent the County of Alameda and its officials in legal proceedings, but that authority is limited in situations where conflicts of interest arise between the County of Alameda and individual defendants.

## III. ARGUMENT

### A. Conflict of Interest Arising from Personal Liability Claims

#### 1. Divergent Legal Interests

The County of Alameda may argue that the individual defendants acted outside the scope of their employment to avoid liability, particularly where allegations of fraud and intentional misconduct exist. This creates an inherent conflict because the individual defendants may claim that they were acting within the scope of their duties, thereby attempting to shift liability onto the County.

This divergent defense strategy presents a direct conflict of interest for Attorney of Record, Peter Van Zandt. Mr. Van Zandt would be unable to effectively represent both Alameda County and the individual defendants without compromising the representation of one or the other.

#### 2. Personal Liability for Malice and Fraud

The Complaint accuses the individual defendants of acting with intentional malice and fraud, allegations that subject them to personal liability under 42 U.S.C. § 1983. These claims, particularly those of malice and fraud, expose the individual defendants to personal liability distinct from their official roles.

Because these claims involve personal misconduct, Attorney of Record, Peter Van Zandt has an ethical obligation to protect Alameda County's corporate interests, not the personal interests of the individual defendants. In such cases, independent counsel is required to defend the individual defendants.

**B. Case Law Supporting Separate Representation**

1. *People ex rel. Deukmejian v. Brown*, 29 Cal.3d 150 (1981) established that government attorneys may not represent conflicting interests when an individual's personal liability conflicts with their public office.

2. *Monell v. Department of Social Services of New York City* 436 U.S. 658 (1978), limits municipal liability under 42 U.S.C. § 1983 to situations where a constitutional violation results from official policy or custom. The personal actions of the individual defendants, if found outside their official capacity, would not subject the County to liability, further supporting the need for separate representation.

3. *County of Kern v. Superior Court*, (2011 BL 213968, Cal. Ct. App. 2d Dist.) demonstrates that government attorneys must avoid conflicts of interest, particularly when the public entity's interests are adverse to those of its employees.

**C. Statutory Support for Private Counsel**

Under California Government Code Section 995.2, a public entity may refuse to provide a defense for an employee if the employee's actions involved malice, fraud, or intent to harm, or if defending the employee would result in a conflict of interest. Given the allegations against the individual defendants, Attorney of

Record, Peter Van Zandt is disqualified from representing them in their personal capacities.

## IV. NINTH CIRCUIT AND SUPREME COURT PRECEDENT

**1.** *Hope v. Pelzer*, 536 U.S. 730 (2002) and *Smith v. Wade*, 461 U.S. 30 (1983), both hold that government officials can be personally liable under 42 U.S.C. § 1983 when their actions demonstrate reckless disregard or intentional misconduct. This underscores the need for separate representation.

**2.** *Lombardi v. City of El Cajon*, 117 F.3d 1117 (9th Cir. 1997), emphasizes the importance of independent counsel when individual defendants are exposed to personal liability.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

    1. Disqualify Alameda County Attorney of Record, Peter Van Zandt from representing Henry C. Levy, Theody Virrey, and Shahidah J. Williams (Lacy) in their personal capacities.

.

    2. Require the individual defendants to retain private counsel for their defense.