UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABIR AL-MANSUR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-06909-AMO<br><br>**ORDER REGARDING SCHEDULING AND ADMINISTRATIVE MATTERS**<br><br>Re: Dkt. Nos. 18, 19, 22, 23, 34 |

Before the Court are several administrative motions that are now ripe for decision. Having reviewed the parties' papers as well as relevant legal authority, and good cause appearing, the Court rules as follows.

**A.     Defendants' Motion to Change Time to File Responsive Pleading**

On October 25, 2024, Defendants County of Alameda, Henry C. Levy, Julie P. Manaois, Theody Virrey, and Shahidah J. Williams ("Defendants")[1] together moved to extend the deadline to file a responsive pleading under Civil Local Rule 6-3. ECF 18. Defendants additionally move for the Court to impose a scheduling order on the motion to change time. ECF 19. In light of Plaintiff Sabir Al-Mansour's opposition filings (*see* ECF 27, ECF 28, ECF 29), the Court finds a scheduling order on the motion to change time no longer necessary and accordingly **TERMINATES** the scheduling order request as moot.

Defendants seek an extension of their deadline to file a responsive pleading to permit counsel sufficient time to accomplish two significant matters: (1) to review Plaintiff's Complaint and exhibits, and (2) to prepare a response to Plaintiff's pending motion for preliminary

---

[1] Following Defendants' motion, Plaintiff voluntarily dismissed Defendant Julie Manaois without prejudice. ECF 26.

injunction. *See* ECF 18. Counsel for Defendants anticipates that the two tasks will require substantial time and effort to complete, supporting good cause for the extension of time. *See* Van Zandt Decl. (ECF 18-1).[2]

Plaintiff opposes Defendants' request on the basis that counsel for Defendants failed to file a notice of appearance in the case until filing the motion to change time on October 25, 2024. While Plaintiff cites several cases in his oppositions regarding the importance of procedural compliance, none of them stands for the premise that an attorney's filing of a notice of appearance at the time of their initial filings constitutes a procedural defect or a sign of bad faith. *See, e.g.*, ECF 25 at 8 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). Counsel's filing of a notice of appearance alongside the initial filings in the matter plainly comports with Civil Local Rule 5-1(c)(2)(A)'s requirement for counsel to file a notice of appearance upon joining a case, *see* ECF 17, ECF 18, ECF 19, and there is no procedural error. Because Plaintiff will suffer no cognizable prejudice, the Court **GRANTS** Defendants' motion to extend the deadline to file a responsive pleading under Civil Local Rule 6-3. Defendants' responsive pleading shall be filed on or before December 2, 2024.

**B.     Plaintiff's Motions to Change Time Regarding Motion to Disqualify Counsel**

On October 28, 2024, Plaintiff filed a motion to disqualify counsel for Defendants. ECF 24. The noticed motion is set for hearing on December 12, 2024. *Id.* Along with this motion, Plaintiff filed a request for expedited hearing on the motion to disqualify (ECF 22) and a motion to shorten time to hear the motion to disqualify under Civil Local Rule 6-3 (ECF 23). Defendants did not file a response to the motions for expedited hearing and the motion to shorten time. In light of Defendants' non-opposition, the Court **GRANTS** Plaintiff's request as modified. The Court will hear the motion to disqualify along with Plaintiff's motion for preliminary injunction on November 26, 2024, at 10:00 a.m. via Zoom Webinar. The briefing schedule on the motion to disqualify remains unchanged.

---

[2] Notably, Plaintiff acknowledges that the complexity of the legal issues and the volume of factual material in this case warrant additional attention. *See* Pl.'s Admin Mot. Extended Brief (ECF 34).

**C.      Plaintiff's Administrative Motion for Leave to File Extended Reply Brief**

On November 3, 2024, Plaintiff filed an administrative motion for leave to file an extended reply brief in support of his motion for preliminary injunction. ECF 34. Plaintiff advances that the complexity of legal issues, volume of factual material, and significance of issues at stake all weigh in favor of permitting him a reply brief not exceeding 25 pages in length. *See id.* Defendants filed a notice of non-opposition to the request for expanded brief. ECF 35. The Court **GRANTS** Plaintiff's request. Plaintiff may file a reply brief not exceeding 25 pages in length.

**IT IS SO ORDERED.**

Dated: November 8, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**