UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABIR AL-MANSUR,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>   Defendants. | Case No. 24-cv-06909-AMO<br><br>**ORDER DENYING MOTIONS TO RECUSE OR DISQUALIFY**<br><br>Re: Dkt. Nos. 119, 123, 129 |

Before the Court are Plaintiff Sabir Al-Mansur's several motions seeking judicial recusal. The motions are fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **DENIES** Al-Mansur's motions for the following reasons.

## I.   RELEVANT BACKGROUND

Al-Mansur brought this lawsuit against the County of Alameda, California, and several of its officers alleging constitutional takings, violation of due process, fraud, and other claims arising from a property tax bill. *See generally* Compl. (ECF 1). After the Court denied Al-Mansur's motion for preliminary injunction from the bench on November 26, 2024, he dismissed the case without prejudice. *See* ECF 81, ECF 82. Since then, Defendants filed a motion for attorney's fees (ECF 87), Al-Mansur failed to timely oppose Defendants' motion (ECF 91), the Court granted Al-Mansur an extension of the deadline to oppose (ECF 98), Al-Mansur filed a petition for writ of mandamus before the Ninth Circuit Court of Appeals seeking review of this Court's continued jurisdiction (ECF 112, ECF 113), and the Ninth Circuit denied Al-Mansur's petition (ECF 114). Following that flurry of activity, Al-Mansur filed two motions for judicial recusal as well as a

motion requesting referral of the motion for recusal to another judge for determination.  *See* ECF 119, ECF 123, ECF 129.  These latter three motions are the subject of the instant Order.

## II. DISCUSSION

Al-Mansur moves for recusal under two statutory provisions: Title 28 U.S.C. § 455(a) and Title 28 U.S.C. § 144.  The Court first takes up the pair of motions to recuse under Section 144 because it is on this statutory basis that Al-Mansur asserts that the issue of recusal must be reassigned.

### A. Title 28 U.S.C. § 144

Al-Mansur moves for recusal and for reassignment to another judge for determination under Title 28 U.S.C. § 144.  ECF 123, ECF 129.  Pursuant to Section 144, the judge assigned to the case may assess the timeliness and legal sufficiency of the motion to recuse, and only after timeliness and legal sufficiency are established does it become the duty of that judge to proceed no further.  *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).  The Ninth Circuit has cautioned that referring such motions for recusal and associated affidavits to another judge as a matter of course "would be unwise," because such a process is "cumbersome and would further delay an already slow judicial process."  *Azhocar*, 581 F.2d at 738.  Where the affidavit is not timely or legally sufficient, the judge at whom the motion is directed may determine the matter.  *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999).

The timeliness of a motion to disqualify is a threshold issue.  *United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir. 1997) ("28 U.S.C. § 144 expressly requires that a motion to disqualify must be 'timely,' and [the Ninth Circuit has] judicially required as much under 28 U.S.C. § 455.").  "[A] party having information that raises a possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention."  *Id.* (citation omitted).  Otherwise, without this timeliness requirement, "parties would be encouraged to 'withhold recusal motions, pending a resolution of their dispute on the merits, and then if necessary invoke [the recusal statutes] in order to get a second bite at the apple.' "  *Id.* (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)).  Motions to

disqualify "should be filed with reasonable promptness after the ground for such a motion is ascertained." *E. & J. Gallo*, 967 F. 2d at 1295 (citation omitted).

Here, Al-Mansur's motion is untimely. He delayed more than five months since the hearing in which he believes he was treated unfairly before bringing his initial motion to recuse. *Compare* 11/26/24 Minute Entry (ECF 82) *with* 4/3/25 Motion for Recusal (ECF 119). Al-Mansur engaged in a range of case-related activity before seeking recusal, including, most recently, moving for leave to file a motion for reconsideration of a scheduling order (ECF 100), moving to strike Defendants' filings (ECF 102), pursuing an appeal at the Ninth Circuit (ECF 113), and objecting to the Court's continued jurisdiction over the case (ECF 120). The filing of the motions seeking recusal only after engaging in such a wide range of other activity – and facing rejections of certain requests – suggests that Al-Mansur only pursues this relief "in order to get a second bite at the apple." *E. & J. Gallo*, 967 F.2d at 1295. Al-Mansur delayed in bringing this motion for recusal, rendering it untimely and precluding reassignment to another judge.

Moreover, the Court finds that Al-Mansur's motion does not warrant reassignment to another judge because it is legally insufficient. Al-Mansur's motion to recuse is based in significant part on his belief that the Court has wrongly permitted Defendants' motion for attorney's fees to move forward. ECF 123 at 8. However, the Court has not prejudged Defendants' motion, and even if the Court had already resolved the motion against Al-Mansur, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Unfavorable judicial rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555. Al-Mansur argues that the Court demonstrated bias through its inaction to impede the progress of the motion for attorney's fees despite his failure to file a brief in opposition to the motion. But, in so arguing, Al-Mansur fails to identify any favoritism or antagonism or an extrajudicial source for the Court's purported favoritism or antagonism. Ultimately, if Al-Mansur disagrees with the Court's exercise of jurisdiction over a motion for relief, that is "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555.

Given the legal insufficiency in his motion and supporting affidavit, the Court finds Al-Mansur's assertions of bias insufficient to warrant recusal or disqualification. The Court need not refer this matter to another judge to determine whether the assertions of bias are factually accurate.

### B.      Title 28 U.S.C. § 455(a)

Al-Mansur separately moves for recusal pursuant to Title 28 U.S.C. § 455(a). ECF 119. The standard for recusal under this statute requires an assessment of "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861 (1988). The "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]' " *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008); *see also Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014). Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 913-14 (citation omitted). The Ninth Circuit has cautioned against construing the recusal statute "so broadly . . . that it becomes, in effect, presumptive" upon the "merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citations omitted). Indeed, while recusal may be required by the law and facts of a case, judges "must not simply recuse out of an abundance of caution when the recusal is not appropriate." *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1201 (E.D. Cal. 2010) (citing *Holland*, 519 F.3d at 912). Importantly, the standard for recusal is a high one – "[s]ince a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011) (citation omitted).

"[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. The rare exceptions include comments displaying prejudice based on, say, a party's national origin. *Id.* at 555. "Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger . . . [.] A judge's

4

1  ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary

2  efforts at courtroom administration – remain immune." *Id.* at 555-56.

3        Here, Al-Mansur argues three categories of conduct purportedly demonstrate the Court's

4  bias or lack of neutrality.  First, Al-Mansur argues that the Court exhibited "asymmetry" in its

5  procedural treatment of the parties.  ECF 119 at 5.  Al-Mansur contends that the Court improperly

6  "accepted" and "procedurally engaged" with Defendants' motion for attorney's fees despite the

7  motion being filed well beyond Federal Rule of Civil Procedure 54(d)(2)(B)'s requirement for

8  such motion to be filed within 14 days following judgment.  *See id.* at 4-5.  Al-Mansur fails to cite

9  any legal authority establishing the relevance of these terms.  The Court did not and has not

10 "accepted" or "procedurally engaged" Defendants' motion for attorney's fees, and the motion

11 remains unresolved.  Al-Mansur's contention that the motion for attorney's fees is tardy serves as

12 an argument to oppose such motion, not for the Court's recusal.  To the extent Al-Mansur

13 contrasts the continuing pendency of the motion for attorney's fees against the Court's striking of

14 Al-Mansur's supplemental brief in support of his motion to disqualify Defendants' counsel, such

15 procedural management of the Court's docket falls well short of the extrajudicial bias or partiality

16 necessary for a reasonable, well-informed observer to find that the Court would "resolve the case

17 on a basis other than the merits."  *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d

18 1175, 1178 (9th Cir. 2005).

19       Second, Al-Mansur attacks the differences in the way the Court treated him versus counsel

20 for Defendants during the virtual hearing on his motion for preliminary injunction.  ECF 119 at 5-

21 6. Al-Mansur complains that the Court praised attorney Peter Van Zandt for his decorum in

22 litigating the case against Al-Mansur while, on the other hand, the Court interrupted and

23 prematurely ended Al-Mansur's oral argument.[1]  *Id.*  However, as noted above, such judicial

24 efforts at managing the course of the hearing, even if they could be considered "expressions of

25 impatience, dissatisfaction, annoyance, [or] even anger," do not support a challenge to a judge's

---

[1] Related to the Court's conduct during the preliminary injunction hearing, Al-Mansur challenges "legal misstatements demonstrating misunderstanding with governing law." ECF 119 at 6-7. Al-Mansur's contention that the Court misapplied the law may serve as grounds for appeal – it does not serve as grounds for recusal. *Liteky*, 510 U.S. at 555.

impartiality. *Liteky*, 510 U.S. at 555-56 (continuing, "even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune."). Even coupled with the Court's commendation to Van Zandt for his professionalism in litigating this case, Al-Mansur's subjective frustration with the Court's tone does not demonstrate personal bias and cannot support his assertion of undue bias. *Id.*; *see also United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) ("[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a).").

Third and finally, Al-Mansur argues that Defense counsel's post-hearing correspondence to Al-Mansur revealed an implication of judicial favoritism that undermined an expectation of neutrality. ECF 119 at 6. He cites no authority in support of this premise. Al-Mansur again fails to show in fact or by implication that such correspondence from opposing counsel reveals personal bias on the part of the judge. Indeed, the Court exercises no control over Van Zandt's litigation-based correspondence with Al-Mansur, and counsel's estimation of how the Court may rule does not demonstrate extrajudicial bias on the part of the Court.

Ultimately, Al-Mansur's "fanciful theory of bias cannot 'overcome [the] presumption of honesty and integrity in those serving as adjudicators.' " *Martinez v. Ryan*, 926 F.3d 1215, 1227 (9th Cir. 2019) (alteration in original, citation omitted). The Court finds that Al-Mansur fails to identify facts that would cause a reasonable, well-informed observer to doubt its ability to adjudicate the case before it fairly and impartially.

### III. CONCLUSION

For the reasons discussed above, the Court declines to refer this matter to another judge or to recuse. The Court **DENIES** the motions to recuse or disqualify the undersigned. The Court will address the motion for attorney's fees in a separate order.

**IT IS SO ORDERED.**

Dated: May 30, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**