1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SABIR AL-MANSUR,                      Case No.  24-cv-06909-AMO

                  Plaintiff,
8
                                           **ORDER RE DEFENDANTS' MOTION**
9           v.                             **FOR ATTORNEY'S FEES AND**
                                           **PLAINTIFF'S MOTION TO STRIKE**
10   COUNTY OF ALAMEDA, et al.,
                                           Re: Dkt. Nos. 87, 102
                  Defendants.
11

12

13          Before the Court is a motion for compensatory attorney's fees from Defendants County of

14   Alameda, Henry C. Levy, Theody Virrey, and Shahidah J. Williams.  The matter is fully briefed

15   and suitable for decision without oral argument.  *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b).

16   Having read the parties' papers and carefully considered their arguments and the relevant legal

17   authority, and good cause appearing, the Court hereby **GRANTS** Defendants' motion for the

18   following reasons.

19   **I.      BACKGROUND**

20          This case relates to Plaintiff Sabir Al-Mansur's ownership of real property located at 2421

21   Market Street, Oakland, CA 94607.  Compl. (ECF 1) ¶ 19.  Al-Mansur challenged the County of

22   Alameda's imposition of property taxes and late penalties on the Market Street property since the

23   tax year 2007-2008 and his claims that the County of Alameda and certain county employees

24   violated his constitutional rights by declining to accept less than the full amount owing.  *See*

25   *generally* Compl.  Al-Mansur has engaged in a range of litigation related to the property prior to

26   this case.  *See, e.g.*, *Al-Mansur v. California Mortgage and Realty Inc.*, Alameda Superior Court

27   Case No.: 22CV005464; *Al-Mansur v. Henry C. Levy, et al.*, Alameda Superior Court, Case No.:

28   RG21091455.  Relevant to this case, the matter of *Al-Mansur v. Levy* involved much of the same

United States District Court
Northern District of California

factual and legal claims at issue here, including a challenge to the County of Alameda's declination to accept less than the full amount owing on Al-Mansur's property taxes and penalties. *Id.*, Case No.: RG21091455.  In that case, the Hon. Jeffrey Brand denied Al-Mansur's Application for Temporary Restraining Order and Preliminary Injunction to Halt Property Sale by order dated March 3, 2022.  *See* RJN, Ex. B (ECF 89-2).

In this lawsuit, Al-Mansur brought multiple claims under Title 42 U.S.C. § 1983 asserting numerous civil rights violations, including alleged Takings, Due Process, and Equal Protection violations.  Compl.  The Complaint consisted of 509 paragraphs across 142 pages and included 20 separate legal claims supported by 16 exhibits.  *Id.*  The Complaint named the County of Alameda as well as four of its current and former employees, including Henry C. Levy, in his official capacity as Alameda County Treasurer-Tax Collector, and in his personal capacity for intentional malice; Julie P. Manois, in her official capacity as Alameda County Chief Deputy Tax Collector, and in her personal capacity for intentional malice (though Al-Mansur later voluntarily dismissed Manois (ECF No. 24)); Theody Virrey, in his official capacity as Alameda County Tax Collector Spec.-Tax Defaulted Land, and in his personal capacity for intentional malice; and Shahida J. Williams, in her official capacity as Alameda County Policy Director, 5th District, Board of Supervisors, and in her personal capacity for intentional malice.  *See generally* Compl.

During the short pendency of this case, Al-Mansur filed a profusion of motions that Defendants characterize as "meritless and objectively frivolous."  *See* Mot. Atty's Fees (ECF 87) at 2.  The filings included a motion to disqualify counsel (ECF Nos. 22, 23, 24, 30, 69, 76, 77, 78, 79), a motion for preliminary injunction (ECF Nos. 3, 12, 16, 55), motions in limine (ECF Nos. 56, 57, 58, 59), requests for judicial notice (ECF Nos. 38, 40, 42, 44, 46, 48, 50, 52), and reply briefs in support of the requests for judicial notice (ECF Nos, 70, 71, 72, 73, 74, 76).

The Court held a virtual hearing on Al-Mansur's motion to disqualify counsel and motion for preliminary injunction on November 26, 2024, and the Court orally denied both motions during the hearing.  ECF 82.  Al-Mansur voluntarily dismissed the action on the same day, before Defendants filed a responsive pleading.  ECF 81.

United States District Court
Northern District of California

1    Defendants filed a motion for attorney's fees on January 17, 2025.  ECF 87.  Al-Mansur

2    did not timely file a response to Defendants' motion.  *See* ECF 91.  Several days later, Al-Mansur

3    filed several administrative motions and supplemental materials seeking an extension of the

4    deadline to oppose Defendants' motion for attorney's fees.  *See* ECF Nos. 93, 94, 95, 96.  The

5    Court granted Al-Mansur's request, set a new deadline for his brief in opposition to the motion for

6    attorney's fees, and similarly set an extension of Defendants' deadline to file a brief in reply to Al-

7    Mansur's opposition.[1]  *See* ECF 98.

8    Al-Mansur then filed a motion to strike Defendants' motion for attorney's fees.[2]  ECF 102.

9    Al-Mansur subsequently filed an administrative motion to clarify the Court's scheduling orders,

10   insisting that the deadline for his opposition brief be extended while his motion to strike remained

11   pending.  ECF 107.  The Court provided the requested clarity: Al-Mansur's opposition brief

12   deadline remained as scheduled.  ECF 109.

13   Al-Mansur eventually filed his opposition brief "under protest" (ECF 111) before filing a

14   petition for writ of mandamus before the Ninth Circuit (ECF 112).  In the papers associated with

15   the appellate petition, Al-Mansur advanced that appellate review triggered an automatic stay of

16   district court proceedings.  ECF 112 at 3-4 (citing *Calderon v. U.S. Dist. Court*, 134 F.3d 981, 984

17   (9th Cir. 1998); *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011)).  The Court took no

18   action following Al-Mansur's pursuit of appellate review.

19

20

---

21   [1] Al-Mansur filed a motion for leave to file a motion for reconsideration of the Court's order
     setting a briefing schedule.  *See* ECF 100.  Therein, Al-Mansur focused on (1) the merits of

22   Defendants' motion for attorney's fees and (2) a misapprehension of the briefs permitted under
     Civil Local Rule 7-2.  *See* ECF 100 at 5 (stating that the motion for attorney's fees was untimely);

23   6 (advancing that the Court failed to consider Plaintiff's indigency in imposing financial
     sanctions).  These arguments are completely unrelated to the Court's grant of an extension of the

24   briefing schedule and fall outside the bounds of grounds for reconsideration contemplated by Civil
     Local Rule 7-9(b).  The Court therefore DENIES Al-Mansur's motion for leave to file a motion

25   for reconsideration of its scheduling order.

26   [2] Al-Mansur additionally filed a motion to shorten time on his motion to strike in an effort to have
     it considered before Defendants' motion for attorney's fees.  ECF 103.  The Court vacated the

27   hearing on the motion for attorney's fees.  ECF 105.  The Court finds that this motion to shorten
     time was filed for an improper purpose – to circumvent Defendants' motion for attorney's fees

28   rather than simply resisting it on the merits.  Such unnecessary motion was filed in bad faith.  The
     motion to shorten time is DENIED as unnecessary and moot.

1    The Ninth Circuit denied Al-Mansur's petition due to lack of jurisdiction.  ECF 114.  Al-

2    Mansur filed a reply to his motion to strike the next day, arguing that Defendants failed to timely

3    oppose his motion even though he had argued days prior that the district court proceedings,

4    including all briefing deadlines, had been automatically stayed.  *Compare* ECF 115 *with* ECF 112

5    at 3-4.

6    Al-Mansur additionally filed a "notice of revival of procedural liabilities and duty to

7    answer" (ECF 124), a "motion to establish undisputed facts pursuant to Fed. R. Civ. P. 8(b)(6)"

8    (ECF 125, later withdrawn by ECF 131), a "notice of judicial admission pursuant to Fed. R. Civ.

9    P. 8(b)(6)" (ECF 130), an application for entry of default (ECF 133), and a "notice of ministerial

10    action and correction" (ECF 135).  Further still, Al-Mansur filed a motion for summary judgment

11    (ECF 144) as well as a supplemental brief (ECF 145).[3]

**II.    DISCUSSION**

12

13    Two motions remain pending at this time: Defendants' motion for attorney's fees (ECF 87)

14    and Al-Mansur's motion to strike that motion (ECF 102).  *See also* ECF 126 (order clarifying that

15    the only issues remaining for the Court's consideration were Defendants' motion for attorney's

16    fees and Plaintiff's motions for recusal).  The Court first takes up the two threshold issues

17    presented in both Al-Mansur's opposition to Defendants' motion and his motion to strike it:

18    timeliness and jurisdiction.  After finding that the motion was timely and that the Court retains

19    jurisdiction over collateral matters such as motions for fees and sanctions, the Court turns to the

20    merits of Defendants' motion below.

21    **A.    Timeliness**

22    Some 52 days after Al-Mansur voluntarily dismissed the action, Defendants filed this

23    motion for an award of attorney's fees as sanctions for alleged violations of Federal Rule of Civil

24    Procedure 11 and 28 U.S.C. § 1927.  Al-Mansur argues that Defendants' motion for attorney's

25    fees fails as untimely.  Federal Rule of Civil Procedure 54(d)(2)(B)(i) provides that motions for

26

27    _____

28    [3] These filings are procedurally nonsensical for the reasons the Court has previously made clear:
Al-Mansur voluntarily dismissed the case on November 26, 2025.  ECF 81; *see also* ECF 126;
ECF 140.  The Court DENIES all of these defective requests.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    attorney fees must be filed within 14 days of the entry of a judgment.  However, Rule 54(d)(2)(E)

2    states that the filing requirements of Rule 54(d) "do not apply to claims for fees and expenses as

3    sanctions for violating" the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 54(d)(2)(E).  In the

4    Ninth Circuit, "[t]he timeliness of the Rule 11 Motion rests within the judge's discretion" and

5    "[t]he optimum timing of sanctions to further the deterrence aspect of Rule 11 depends on the

6    circumstances."  *Community Electric Serv., Inc. v. Nat'l Electrical Contractors Ass'n*, 869 F.2d

7    1235, 1242 (9th Cir. 1989).

8            Here, Al-Mansur argues that Defendants' motion is untimely because it was filed 52 days

9    after the case was closed.  Though captioned as a "motion for attorney's fees," Defendants pursue

10    an award of attorney's fees as sanctions for alleged violations of Federal Rule of Civil Procedure

11    11 and 28 U.S.C. § 1927.  The motion thus falls within the exception clause set forth in Rule

12    54(a)(2)(E), which states that "Subparagraphs (A)-(D) do not apply to claims for fees or expenses

13    as sanctions for violating these or as sanctions under 28 U.S.C. § 1927."  Rule 54 does not serve as

14    a bar to Defendants' motion.

15        **B.    Jurisdiction**

16            Al-Mansur argues repeatedly and at length that the Court lacks jurisdiction to hear the

17    motion for attorney's fees and costs because his voluntary dismissal means the case is no longer

18    pending.  Not so.  District courts retain subject matter jurisdiction to hear "collateral" matters such

19    as attorney's fees and sanctions after a case is no longer pending.  *Cooter & Gell v. Hartmarx*

20    *Corp.*, 496 U.S. 384, 395 (1990).  In *Cooter & Gell*, the Supreme Court held that a notice of

21    voluntary dismissal does not terminate a district court's authority to consider collateral maters,

22    including the imposition of sanctions:

23            Like the imposition of costs, attorney's fees, and contempt
            sanctions, the imposition of a Rule 11 sanction is not a judgment on
24            the merits of an action.  Rather, it requires the determination of a
            collateral issue: whether the attorney has abused the judicial process,
25            and, if so, what sanction would be appropriate.  Such a
            determination may be made after the principal suit has been
26            terminated.

27    *Id.* at 395; *see also id.* at 393-98 (noting that district court's post-dismissal exercise of jurisdiction

28    over collateral matters does not impermissibly deprive the plaintiff of his right under Rule

5

1  41(a)(1)(i) to dismiss an action without court's consent).

2          Al-Mansur's legal citations do not dictate a different result.  The legal authority he cites

3  discusses the effects of a voluntary dismissal but not the issue presented here, i.e., whether a court

4  retains jurisdiction to consider a motion for attorney's fees and costs (a collateral matter) after a

5  voluntary dismissal.  The Court therefore retains jurisdiction to consider Defendants' motion for

6  attorney's fees and it OVERRULES Al-Mansur's "jurisdictional objection."  *See, e.g.*, ECF 115.

7          **C.      Sanctions**

8          Defendants move for attorney's fees on several bases, including (1) under the inherent

9  powers of the Court, (2) pursuant to the two-dismissal rule, (3) as sanctions under Federal Rule of

10  Civil Procedure 11, (4) as sanctions under Title 28 U.S.C. 1927, and (5) pursuant to the statutory

11  allowance for prevailing parties other than the federal government in civil rights actions under

12  Title 42 U.S.C. §§ 1983, 1988.  The Court does not reach all bases for sanctions because it finds

13  the arguments under Rule 11, Section 1927, and the Court's inherent authority meritorious.

14          **1.      Rule 11**

15          Throughout this case, Al-Mansur has filed superfluous, procedurally non-sensical papers

16  that required responses from Defendants and the Court's attention.  A court may impose sanctions

17  pursuant to Rule 11 where a party makes representations to the court that harass, cause

18  unnecessary delay, or needlessly increase the cost of litigation.  *See* Fed. R. Civ. P. 11(a)-(c).  Rule

19  11 does not require that the entire lawsuit be frivolous before sanctions may be imposed.  Rather,

20  it applies to "a pleading, written motion, or other paper," Fed. R. Civ. Proc. 11(b), and "provides

21  for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual

22  foundation, or is brought for an improper purpose," *Simpson v. Lear Astronics Corp.*, 77 F.3d

23  1170, 1177 (9th Cir. 1996).  Frivolous filings are both (1) objectively legally or factually baseless;

24  and (2) made without a reasonable and competent inquiry.  *Christian v. Mattel, Inc.*, 286 F.3d

25  1118, 1127 (9th Cir. 2002); *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *as amended*

26  *on denial of reh'g* (Mar. 26, 1997).  The test for determining whether a Rule 11 violation has

27  occurred is one of objective reasonableness.  *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir.

28  1992); *see also Bus. Guides v. Chromatic Commc'ns*, 892 F.2d 802, 811 (9th Cir.1989), *aff'd*, 498

United States District Court
Northern District of California

6

1    U.S. 533 (1991).  Rule 11 requires that "[a] sanction imposed . . . be limited to what suffices to

2    deter repetition of the conduct," Fed. R. Civ. P. 11(c)(4), although "[t]he district court has wide

3    discretion in determining the appropriate sanction for a Rule 11 violation."  *Hudson v. Moore Bus.*

4    *Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987).

5    Courts in this circuit are generally protective of pro se litigants.  *See, e.g.*, *Blaisdell v.*

6    *Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (requiring liberal construction of pro se filings and

7    less strict requirements for use of legal terminology or "muddled draftsmanship").  However,

8    courts are not obligated to tolerate a pro se litigant's flagrant abuse of the judicial process because

9    it enables a single person to preempt the use of judicial time that properly could be used to

10    consider the meritorious claims of other litigants.  *De Long v. Hennessey*, 912 F.2d 1144, 1148

11    (9th Cir. 1990).  Indeed, "while we give pro se litigants special consideration, 'pro se filings do

12    not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the

13    judicial machinery with meritless litigation, and abuse already overloaded court dockets.' "

14    *Adams v. Nankervis*, 902 F.2d 1578 (9th Cir. 1990) (quoting *Patterson v. Aiken*, 841 F.2d 386, 387

15    (11th Cir. 1988)).  Pro se litigants are accordingly subject to Rule 11 sanctions.  *Simpson*, 77 F.3d

16    at 1177 (vacating district court's order declining to impose sanctions on pro se litigant and

17    remanding for a determination of whether a Rule 11 violation had taken place and, if so, what

18    sanctions should be imposed); *see also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994)

19    (holding that Rule 11 applies to unrepresented parties and district courts are not at liberty to

20    automatically exempt them from sanctions).

21    Before filing this case, Al-Mansur brought a similar lawsuit against Levy and the County

22    of Alameda in state Court.  *See* RJN, Ex. B (Order re: Ruling on Submitted Matter dated March 3,

23    2022).  Al-Mansur sought a TRO and preliminary injunction against the County of Alameda to

24    require acceptance of his deficient property tax payment as well as to halt a property tax sale, the

25    same relief he sought in this case.  *See id.*  Al-Mansur argued in his state court case that he had

26    satisfied certain statutory conditions for cancellation of property tax penalties under California

27    Revenue and Taxation Code § 4985.2, requiring Defendants to accept his payment for the

28    principal amount due.  *See id.* (citing, e.g., *People ex rel. Strumpfer v. Westoaks Investment #27*,

7

1    139 Cal. App. 4th 1038, 1050 (2006)).  He argued that the "pay now, litigate later" rule related to

2    the prosecution of tax actions did not apply to his state court case.  RJN, Ex. B.  The Superior

3    Court denied Al-Mansur's motion for TRO and preliminary injunction by written order, *id.*, and

4    subsequently dismissed the case without prejudice, RJN, Ex. A.  In this case, Al-Mansur similarly

5    argued that he had satisfied certain statutory conditions for cancellation of property tax penalties

6    under Revenue and Taxation Code § 4985.2, requiring Defendants to accept his payment for the

7    principal amount due.  *See* Mot. Prelim. Inj. (ECF 5) at 5 (citing, e.g., *Westoaks Investment #27*,

8    139 Cal. App. 4th at 1050); Reply (ECF 55) at 12-13.  He again argued that the "pay now, litigate

9    later" rule related to the prosecution of tax actions did not apply to this case.  *See* Reply (ECF 55)

10    at 11-12.  Al-Mansur advanced the same theories in this federal case as he had in his state court

11    case, *see* Compl.; Mot. Prelim. Inj. (ECF 5), and thus, he had little basis in law for filing this case

12    and expecting a different legal outcome.  Filing this subsequent case was not objectively

13    reasonable.

14          Further demonstrating frivolousness and harassment are Al-Mansur's several redundant

15    filings related to the motion to disqualify Defendants' chosen counsel (ECF Nos. 22, 23, 24, 30,

16    69, 76, 77, 78, 79); procedurally inappropriate motions in limine, filed prior even to Defendants'

17    answer (ECF Nos. 56, 57); procedurally non-sensical statements of undisputed facts (ECF Nos.

18    58, 59); requests for judicial notice of statutes and a range of materials only tangentially associated

19    with the motion for preliminary injunction (ECF Nos. 38, 40, 42, 44, 46, 48, 50, 52), and reply

20    briefs in support of the requests for judicial notice (ECF Nos. 70, 71, 72, 73, 74, 76).  Al-Mansur

21    at once demanded fidelity to the Federal Rules of Civil Procedure and the Civil Local Rules of this

22    District while continuing to flaunt those same Rules through his own filings.  *Compare, e.g.*,

23    Notice of Communications from Counsel (ECF 15, demanding compliance with Civil Local Rule

24    5-1 and Rule 11) *with* Supplemental Brief in support of Motion to Disqualify Counsel (ECF 78,

25    filed without leave of court in violation of Civil Local Rule 7-3(d)).  These papers needlessly

26    "clog the judicial machinery" and abuse the Court's docket.  *Adams*, 902 F.2d at 1578.  The

27    volume and substance of these filings reach beyond any relief requested such that any reasonable

28    observer would find that Al-Mansur's conduct constitutes bad faith.  At minimum, his filing

United States District Court
Northern District of California

8

1  practices constitute conduct tantamount to bad faith because such repetitive and unsupported

2  filings reflect recklessness combined with an intent to harass Defendants. *See Fink v. Gomez*, 239

3  F.3d 989, 992-94 (9th Cir. 2001).

4        Moreover, despite voluntarily dismissing his case, Al-Mansur has demonstrated no intent

5  to stop or even slow his campaign of excessive, redundant, and procedurally defective filings.

6  *See, e.g.*, Notice of Effect of Voluntary Dismissal (ECF 85); Supplemental Brief (ECF 118);

7  Notice of Continuing Jurisdictional Objection (ECF 120); Notice of Judicial Disqualification and

8  Procedural Nullity (ECF 128); Notice of Procedural Misrepresentation and Correction (ECF 143).

9  He continues to file a bevy of papers even after the Court clarified that the case remains closed.

10  *See* Order Regarding Pending Motions (ECF 126); Motion for Summary Judgment (ECF 144);

11  Supplemental Brief in support of Motion for Summary Judgment (ECF 145).  Accordingly, an

12  award of attorneys' fees is appropriate "to deter repetition of the conduct" – here, at minimum, the

13  filing of needless papers in a case long closed. Fed. R. Civ. P. 11(c)(4).  Having found bad faith

14  and conduct tantamount to bad faith, the Court GRANTS Defendants' motion for sanctions under

15  Rule 11.

16             **2.**       **Title 28 U.S.C. § 1927**

17        Under 28 U.S.C. § 1927, the Court may require an attorney or litigant "who so multiplies

18  the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess

19  costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C.

20  § 1927; *see Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (explaining that Section 1927

21  sanctions can be imposed against unrepresented litigants as well as attorneys).  "Section 1927

22  sanctions must be supported by a finding of subjective bad faith," which "is present when an

23  attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the

24  purpose of harassing an opponent."  *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir.

25  2002) (citation omitted).

26        Here, the same facts discussed above in support of sanctions under Rule 11 support a

27  finding of bad faith on the part of Al-Mansur sufficient to alternatively warrant sanctions under

28  Section 1927.  Al-Mansur's filing practices, presenting redundant papers and misdirected

United States District Court
Northern District of California

9

argument, have only served to multiply the proceedings.  Al-Mansur's post-dismissal filings, moreover, reinforce the bad faith inherent in his procedural machinations, including improper appeals (ECF Nos. 112, 113, 114), demands for clerk's entry of default (ECF Nos. 133, 134, 135), and a motion for summary judgment (ECF Nos. 144, 145).  He has continued to file such papers despite the Court's order that the case remains closed.  *See* ECF 126.  Al-Mansur "evidence[s] bad faith in multiplying the proceedings in this case 'unreasonably and vexatiously.' "  *Wages*, 915 F.2d at 1235-36 (citing 28 U.S.C. § 1927).  Therefore, the Court additionally finds sanctions against him appropriate under Section 1927 and GRANTS Defendants' motion on that basis.

### 3.    Court's Inherent Power to Impose Sanctions

In addition to the bases for sanctions discussed above, a federal district court has inherent authority to sanction conduct abusive of the judicial process.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991).  The district court's inherent power is "not conferred by rule or statute," but exists for courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quotation marks and citation omitted).  This power, however, is to be exercised with restraint and discretion.  *Chambers*, 501 U.S. at 44.  To impose sanctions under the inherent power, a court is required to make an explicit finding of bad faith or willful misconduct.  *See In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003); *Fink*, 239 F.3d at 993-94.

Here, the same facts discussed above in support of sanctions under Rule 11 support a finding of bad faith on the part of Al-Mansur sufficient to alternatively warrant sanctions under the Court's inherent authority.  The Court accordingly finds sanctions against Al-Mansur appropriate pursuant to its inherent authority and GRANTS Defendants' motion on this basis as well.

### D.    Attorney's Fees

"Because the imposition of attorneys' fees against a party who abused the judicial process is limited to compensation for the wronged party, "the court can shift only those attorney's fees incurred because of the misconduct at issue."  *Lu v. United States*, 921 F.3d 850, 860 (9th Cir. 2019) (quoting *Goodyear*, 581 U.S. at 108).  Further, an attorney's fees sanction "must be compensatory rather than punitive in nature."  *Goodyear*, 581 U.S. at 108.  The Court "can

1  properly consider [a party's] ability to pay monetary sanctions as one factor in assessing

2  sanctions." *Warren*, 29 F.3d at 1390.  In cases where attorney's fees are awarded as a sanction,

3  courts have applied traditional methods for calculating the fee award, including reference to local

4  rules and the lodestar analysis. *See e.g.*, *Lahiri v. Universal Music and Video Distrib. Corp.*, 606

5  F.3d 1216, 1222-23 (9th Cir. 2010).  To calculate the lodestar, the court must multiply "the

6  number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v.*

7  *Eckerhart*, 461 U.S. 424, 433 (1983).  "The district court . . . should exclude from this initial fee

8  calculation hours that were 'not reasonably expended.' " *Id.* at 433-34.  Reasonable hourly rates

9  are determined by the "prevailing market rates in the relevant community." *Blum v. Stevenson*,

10  465 U.S. 886, 895 (1984); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

11  The court may rely on its own familiarity with the rates in the community to assess those sought in

12  the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

13       When counsel engages in "block billing," consolidating distinct tasks into a single billing

14  entry, a court is prevented from effectively determining whether the time spent on tasks was

15  reasonable.  District courts in the Ninth Circuit have the authority to apply a blanket discount to

16  block-billed entries. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).  In *Welch*,

17  the Ninth Circuit affirmed a district court's authority to reduce block-billed hours by 10-30%. *Id.*;

18  *see also*; *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968 (N.D. Cal. 2014) (reducing block-

19  billings by 20%).

20       Here, Defendants seek sanctions in the form of an award of attorney's fees and costs

21  incurred in this action.  The Court finds that sanctions in the form of attorney's fees are warranted

22  to deter Al-Mansur from filing additional vexatious, redundant, and procedurally improper

23  pleadings in the future.  Al-Mansur argues in certain filings that the Court must take into account

24  his indigent status in assessing an appropriate sanction. *See, e.g.*, ECF 99.  However, the Court

25  cannot do so as Al-Mansur did not submit any evidence of his indigent status in this case. *See,*

26  *e.g.*, ECF 1-2 (receipt for filing fee).  Therefore, the Court will impose sanctions against Al-

27  Mansur in the form of awarding attorney's fees to Defendants for the defense of this action.

28

United States District Court
Northern District of California

The Court begins its lodestar calculation by looking to the reasonableness of the hourly rates charged by counsel in this case.  Defendants request the rate for lead counsel, Peter J. Van Zandt, be set at $400.00 per hour and the rate for additional counsel, Kellen Crowe, be set at $300.00.  *See* Mot. (ECF 87) at 10.  Based on their respective experience and the rates prevailing in the market of the San Francisco Bay Area, and in light of the Court's own knowledge of attorney's fee rates in the community, these hourly rates appear reasonable.  Counsel did not charge their clients these hourly rates, however.  Though Defense counsel's hourly billing rates are discounted for their municipal government clients below their usual hourly rates, the "the court can shift only those attorney's fees incurred because of the misconduct at issue."  *Lu*, 921 F.3d at 860.  In accordance with this principle, the Court holds to the hourly rates charged, $260.00 per hour for Van Zandt and $240.00 for Crowe.  *See* Van Zandt Decl., Ex. C (ECF 88-3).

The Court next turns to the reasonableness of the hours expended by counsel in defending against this litigation, including the full breadth of Al-Mansur's filings.  Defense counsel improperly block bills for Van Zandt's entry of 7.40 hours dated October 23, 2024.  *See* Van Zandt Decl., Ex. C.  The Court reduces the requested fees for this entry by 20% in calculating the lodestar.  *See Welch*, 480 F.3d at 948.  Beyond this block billing entry, counsel's hours expended in reviewing the case file, conducting research, and preparing filings responding to Al-Mansur's papers all appear reasonable in the context of this case.  The records show the exercise of appropriate billing judgment by counsel, particularly in the omission of fees charged by other timekeepers.  *See* Van Zandt Decl. ¶ 5.  The Court finds the 28.50 hours expended by Van Zandt and the 6.90 hours expended by Crowe, less the reduction for the block-billed entry noted above, to be reasonable.

Multiplying the rates charged by the hours expended, less 20% for the block-billed entry, the Court calculates an attorney fee award of $8,551.20.  The Court finds this fee award reasonable per the lodestar calculation.  Further, the Court finds this attorney's fee award to be paid by Al-Mansur is reasonable in light of the Court's finding that he personally violated Rule 11(b) as well as Section 1927.  The Court finds that such a sanction is appropriate, and no greater than necessary, to deter the repetition of Al-Mansur's abusive filings.  *See* Fed. R. Civ. P. 11(c)(4).

III.     **CONCLUSION**

For the foregoing reasons, including the bad faith demonstrated by Al-Mansur's litigation conduct and the need to curb future abusive filings, the Court **GRANTS** Defendants' motion for sanctions in the form of attorney's fees.  The Court **ORDERS** Plaintiff Sabir Al-Mansur to pay Defendant County of Alameda the amount of $8,551.20 to reimburse the attorney's fees necessary to defend against his litigation conduct.

**IT IS SO ORDERED.**

Dated: May 30, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California